IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Case No. 7:10-cr-00076 |
| v. | ) | |
| | ) | Hon. Robert S. Ballou |
| **KEVIN WAYNE FERGUSON** | ) | **United States District Judge** |

## ORDER

Kevin Wayne Ferguson filed a *pro se* letter that the Court previously construed as a motion for compassionate release. Dkt. 54. The Court appointed the Federal Public Defender ("FPD") to represent Ferguson in this matter, and the FPD filed an amended motion for compassionate release on Ferguson's behalf. Dkt. 59. The government responded in opposition. Dkt. 62. Because Ferguson seeks relief from allegedly unlawful forfeiture of his good conduct time, the Court must construe his letter as a petition for habeas corpus under 28 U.S.C. § 2241.

The Court originally construed Ferguson's letter as a motion for compassionate release. The amended motion filed by the FPD confirms that Ferguson asserts only one basis for relief: that the Bureau of Prisons ("BOP") unlawfully seized over 250 days of Ferguson's good conduct time, an amount which, if not forfeited, would have already entitled him to release from the custody of the BOP.[1]

A motion for compassionate release is not the proper vehicle for a defendant's challenge to the BOP's calculation of his good conduct time. See United States v. Doss, 4:09-cr-0006-MFU-3, 2022 WL 2359784, at *2 (W.D. Va. June 30, 2022). "As other courts have recognized, a motion challenging the execution of a federal sentence, including the calculation of

---

[1] The parties stipulate that Ferguson is set to be transferred to a halfway house on January 2, 2024, and that he has an anticipated release date of July 29, 2024.

good conduct time, 'must be filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 rather than as a post-judgment motion in a defendant's criminal case.'" Id. (quoting United States v. Williams, No. 2:13-20043, 2021 WL 4772947, at *1 (D. Kan. Oct. 13, 2021)).

The Court will thus construe Ferguson's letter as a § 2241 petition and the Clerk is directed to docket it as such and name the Bureau of Prisons as the respondent.[2]

It is **SO ORDERED**.

Entered: January 3, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[2] In Doss, the Court explained that when a § 2241 petitioner challenges something other than his immediate physical confinement, "the proper respondent is 'the entity or person who exercises legal control with respect to the challenged custody.'" 2022 WL 2359784, at *3 n.3 (quoting Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004)). Here, Ferguson challenges the BOP's taking of his good conduct time. Thus, the Clerk will name the BOP as the respondent.

2