IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 7:10-cr-00076 |
| v. ) | |
| ) | Hon. Robert S. Ballou |
| **KEVIN WAYNE FERGUSON** ) | United States District Judge |

**ORDER**

Kevin Wayne Ferguson previously filed an amended motion for compassionate release. Dkt. 59. On January 3, 2024, the Court issued an order construing Ferguson's motion for compassionate release as a petition for habeas corpus under 28 U.S.C. § 2241. On January 4, 2023, Ferguson filed additional evidence in support of his motion for compassionate relief. Dkt. 64. In addition to reiterating his prior request for relief, Ferguson states that he seeks compassionate release so that he can care for his ailing mother and elderly grandmother. Having considered the new filing, the Court finds no reason to amend its prior order construing Ferguson's motion for compassionate release as a petition for habeas corpus under 28 U.S.C. § 2241 (Dkt. 63). Because Ferguson has put forward no evidence that he is the sole caregiver of his mother or grandmother, the Court cannot grant compassionate release on these grounds.

Compassionate release is an exception to the general rule that a district court may not modify a term of imprisonment once it has been imposed. See *United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022). A court may reduce a defendant's sentence through compassionate release "'if it finds that . . . extraordinary and compelling reasons warrant such a reduction' and the reduction aligns with 'the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable' as well as 'applicable policy statements issued by the Sentencing Commission.'" *Id.* at 268 (quoting 18 U.S.C. § 3582(c)(1)(A)). The defendant bears the burden

to show extraordinary and compelling reasons to justify the sentence reduction. *United States v. Edwards*, 451 F.Supp.3d 562, 565 (W.D. Va. 2020).

The United States Sentencing Commission Guidelines Manual ("USSG") § 1B1.13(3)(B) policy statement provides that "extraordinary and compelling reasons" exist where defendant's parent becomes "incapacitat[ed]" and the "defendant would be the only available caregiver for the parent." The USSG further provides that "extraordinary and compelling" reasons exist where a "immediate family member" of the defendant is incapacitated and the defendant would be the "only available caregiver for such family member." § 1B1.13(3)(D). The USSG guidelines define immediate family member to include "grandchild[ren], grandparent[s], or sibling of the defendant." *Id.*

In his January 4, 2024 filing, Ferguson requests compassionate release to care for his mother and grandmother. He writes that his mother is mentally ill, in a "home," and unable to leave the facility until Ferguson is released from prison. Dkt. 64 at 6. Ferguson also writes that his grandmother is eighty and has dementia. *Id.* He explains that his niece is taking care of his grandmother until he is released. *Id.* The USSG guidelines are clear that "extraordinary and compelling reasons" exist where defendant "would be the *only* available caregiver for the parent" or "grandparent." §§ 1B1.13(3)(B)–(D) (emphasis added). Here, Ferguson has offered no evidence that he is the only available caregiver for his mother, and his letter states that his niece is able to care for his grandmother. As a result, Ferguson's additional evidence (Dkt. 64) does not demonstrate "extraordinary and compelling" circumstances warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A).

It is **SO ORDERED**.

                                                                        Entered:  January 17, 2024

                                                                        *Robert S. Ballou*

                                                                        Robert S. Ballou
                                                                        United States District Judge